IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN 18 P 12: 05

U.S. DISTRICT COURT
DISTRICT OF MASS

UNITED STATES OF AMERICA,

    Petitioner,

V.                                                                 Civil No. 04MBD 10147

THE NAIL SCULPTRESS INC.,

    Respondent,

## MOTION FOR RELIEF TO PETITION TO INFORCE INTERNAL REVENUE SERVICE SUMMONS

Now comes the Respondent, The Nail Sculptress Inc. and files this motion in opposition to the petitioner's summons against the Nail Sculptress. As reasons therefore, the respondent states the following:

Agent Scott Mcleod, Special Agent in the Criminal Investigation Division of the Internal Revenue Service, herein referred to as Petitioner, sites the authority to utilize IRS Summonses and he sites the IRS code 26 U.S.C. 7602 as his authority. Section 7602 of the IRS Code Book states: the Secretary is authorized to examine Books & records….to summons persons liable for tax…
Section 7602 states the Secretary is authorized to summons the person liable for tax or required to perform the act…. or his delegate. Respondent wishes to make clear to this honorable court that the enforcement regulation for code section 7602 is found in 27 U.S.C. Parts 170, and 269. In addition the Petitioner is claiming he has the authority to petition a criminal investigation under civil code.

The Nail Sculptress, Inc. no longer has a place of business at 166 Schoosett Street in

Pembroke, Massachusetts. The Nail Sculptress Inc. was dissolved February 2002.

The Petitioner is conducting an investigation as he claims under Code Section 7602 to determine whether Faye Hogeland has "committed any offenses". "Any Offenses" obviously includes criminal offenses. However the Internal Revenue Manual states at part 1132.75 that … The CID enforces the criminal statute applicable to income….involving U.S. citizens residing in foreign countries and nonresident aliens subject to Federal Income tax filing requirements….
The Petitioner would need a Grand Jury Subpoena issued by a Grand Jury pursuant to a showing of probable cause to bring forward a criminal complaint in this matter. The Respondent believes that the Petitioners use of such a sweeping Summons is clearly a violation of law.

The Petitioner issued a summons on February 10, 2003 under Internal Revenue Laws however, no law or Internal Revenue Code was cited on the Summons.

On March 3, 2003 Faye Hogeland accompanied by her husband Dennis Hogeland appeared as requested before the Petitioner and his partner. Before handing over the books and records Dennis Hogeland asked the petitioner to produce his Delegation of Authority from the Secretary that allows him to examine the books and records requested. The Petitioner offered a showing of their badges as proof that they had authority to conduct the hearing but did not show any such Delegation of Authority from the Secretary as contained in IR Manual MT 1229-134 – Order No. 157. The Petitioner did also confirm that Faye Hogeland could not be compelled in any criminal case to be a witness against herself. Both Petitioner and Respondent taped this hearing.

In closing the Petitioner states: All procedures by the Internal Revenue Code have

been followed with respect to the issuance of this Summons when in fact they have not.

1. The Petitioner is not authorized to summons individuals for the purpose of the correctness of personal income tax returns as stated by petitioner as his reason for issuing this summons, without the proper delegation order provided by the secretary which to date has not been forth coming by the petitioner.

2. The Petitioner is in violation of law and has no authority to examine books and records of the individual tax payer pertaining to title 26 U.S.C. for the purpose of income tax.

3. The Petitioner is using Civil Codes to seek Criminal Charges.

4. The Administrative Procedures Act clearly states that….. the proponent of rule or order has the burden of proof….. and therefore…..they are required to show you proof that they have the authority to compel you to perform.

5. Respondent filed all corporate and personal income tax returns for years in question.

WHEREFORE, the respondent requests: That this honorable court, dismiss any and all Claims against Faye Hogeland and the Nail Sculptress Inc. of any criminal offense on the grounds that petitioner has exceeded the bounds of his authority and therefore relief to petitioner cannot be granted.

Respectfully submitted,

Faye Hogeland, Pro-se Litigant